# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAVID UPDEGROVE & JACOB CZARNECKI & CHRISTI CZARNECKI

**DEFENDANTS**

CATHERINE MAHON & UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff    Schuykill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Schuykill
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc F. Greenfield, Esquire (215-985-2424)
Spear, Greenfield, Richman, Weitz & Taggart
1500 JFK Blvd., Suite 200, Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
  Plaintiff
- [ ] 3  Federal Question
  *(U.S. Government Not a Party)*
- [x] 2  U.S. Government
  Defendant
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place<br>of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place<br>of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a<br>Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | of Property 21 USC 881 | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | [ ] 690 Other | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [x] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original
  Proceeding
- [ ] 2  Removed from
  State Court
- [ ] 3  Remanded from
  Appellate Court
- [ ] 4  Reinstated or
  Reopened
- [ ] 5  Transferred from
  Another District
  *(specify)*
- [ ] 6  Multidistrict
  Litigation -
  Transfer
- [ ] 8  Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1391

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
July 26, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 144 N. Mill Street, St. Clair, PA 17970 _____

Address of Defendant: _____ 425 E. Main Street, Apt. 4, Schulkill Haven, PA 17972 _____

Place of Accident, Incident or Transaction: _____ Bernville Road and Summer Drive _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/01/2022 _____ <span style="color:red">Must sign here</span> _____ 62081 _____

*Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A.    Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify):* _____ Federal Tort Claim _____

*B.    Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____ <span style="color:red">Sign here if applicable</span> _____   _____

*Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| DAVID UPDEGROVE & JACOB CZARNECKI & CHRISTI CZARNECKI | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) ) | Civil Action No. |
| CATHERINE MAHON & UNITED STATES OF AMERICA c/o United State Attorney General | ) ) ) ) | |
| *Defendant(s)* | ) ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CATHERINE MAHON
425 E. Main Street, Apt. 4
Schuylkill Haven, PA 17972
&
UNITED STATES OF AMERICA c/o United States Attorney General
10th Street NW & Constitution Avenue, Washington, DC 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Spear, Greenfield, Richman, Weitz & Taggartm P.C.
Two Penn Center Plaza, Suite 200
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                   _____
                                                  *Server's signature*

                                          _____
                                                  *Printed name and title*

                                          _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| | : | |
| **DAVID UPDEGROVE** | : | **COMPLAINT IN CIVIL ACTION** |
| 144 N. Mill Street | : | |
| St. Clair, PA 17970 | : | **NO.** |
|   & | : | |
| **JACOB CZARNECKI** | : | |
| 39 N. 4th Street | : | |
| St. Clair, PA 17970 | : | |
|   & | : | |
| **CHRISTI CZARNECKI** | : | |
| 39 N. 4th Street | : | |
| St. Clair, PA 17970 | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| **CATHERINE MAHON** | : | **JURY DEMAND** |
| 425 E. Main Street, Apt. 4 | : | |
| Schuylkill Haven, PA 17972 | : | |
|   & | : | |
| **UNITED STATES OF AMERICA** | : | |
| c/o United States Attorney General | : | |
| 10th Street NW & Constitution Avenue | : | |
| Washington, DC 20530 | : | |
|     Defendants. | : | |

_____:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346(b)(1), which grants the District Court exclusive jurisdiction over civil actions against the United States seeking money damages for personal injuries caused by the negligent acts or omissions of any employee of the Government while acting within the scope of their office or employment.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the alleged acts or occurrences leading to plaintiff's injuries occurred within the City of Bernville and County of Berks, in the Commonwealth of Pennsylvania.

1

## PARTIES

3.    Plaintiff, David Updegrove, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

4.    Plaintiff, Jacob Czarnecki, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

5.    Plaintiff, Christi Czarnecki, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

6.    Defendant, Catherine Mahon, is a citizen and resident of the Commonwealth of Pennsylvania with an address at the address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of the Department of the Army, which is an agency of the defendant, United States of America, with the express, apparent, and/or implied permission, authorization and/or consent of defendant, United States of America

7.    Defendant, United States of America, with a registered business address listed in the caption of this Complaint, operates the Department of the Army, which is a federal agency of the executive branch of the United States Government, doing business in the Commonwealth of Pennsylvania, which at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant, Catherine Mahon.

## FACTS

8.    On or about August 10, 2020, plaintiff, David Updegrove, owned and operated a motor vehicle at or near Bernville Road and Summer Drive, in the City of Bernville and County of Berks, in the Commonwealth of Pennsylvania.

9.      At the same date and time, plaintiff, Jacob Czarnecki, was the passenger in the motor vehicle operated by plaintiff, David Updegrove, at or near Bernville Road and Summer Drive, in the City of Bernville and County of Berks, in the Commonwealth of Pennsylvania.

10.     At the same date and time, plaintiff, Christi Czarnecki, was the passenger in the motor vehicle operated by plaintiff, David Updegrove, at or near Bernville Road and Summer Drive, in the City of Bernville and County of Berks, in the Commonwealth of Pennsylvania.

11.     At the same date and time, defendant, Catherine Mahon, operated a motor vehicle owned by an agency of defendant, United States of America, at or near Bernville Road and Summer Drive, in the City of Bernville and County of Berks, in the Commonwealth of Pennsylvania.

12.     Suddenly and without warning, defendant, Catherine Mahon, negligently and/or carelessly operated the motor vehicle owned by defendant, United States of America, in such a manner as to strike the vehicle in which plaintiffs occupied.

13.     As a result of this accident, plaintiffs have suffered severe and permanent bodily injuries which are more fully set forth below.

**COUNT I**
**David Updegrove v. Catherine Mahon**
**Personal Injury**

14.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

15.     The negligence and/or carelessness of defendant consisted of the following:

        a.      Operating a commercial motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

3

b.      Failing to have said commercial vehicle under proper and adequate
        control;

c.      Failing to observe the position of the plaintiff's vehicle and to take such
        action as was necessary to prevent causing a collision;

d.      Failing to operate a commercial motor vehicle at a speed which would
        have allowed the defendant to stop within an assured clear distance;

e.      Operating said commercial vehicle at a dangerous and excessive rate of
        speed under the circumstances;

f.      Being inattentive to defendant's duties as the operator of a commercial
        motor vehicle;

g.      Disregarding traffic lanes, patterns and other devices;

h.      Failing to keep an adequate distance from other vehicles that were within
        the vicinity of the commercial vehicle that defendant, through its lessees,
        agents, servants, workmen, and/or employees, was operating;

i.      Failing to perceive the highly apparent danger to others which the
        defendant's actions and/or inactions posed;

j.      Failing to give plaintiff meaningful warning signs concerning the
        impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and to maintain sufficient control of said
        commercial vehicle;

m.      Causing a collision;

n.      Operating a commercial motor vehicle with disregard for the rights, safety

4

and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's commercial vehicle or to maintain said vehicle in a safe and non-defective condition;

p.   Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway;

q.   Failing to operate a commercial motor vehicle in compliance with the applicable laws and ordinances of the City of Bernville and County of Berks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of commercial motor vehicles;

r.   Operating a commercial motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

16.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to: multilevel thoracic disc protrusions, multilevel thoracic disc bulging, multilevel lumbar disc protrusions, multilevel lumbar disc bulging, multilevel cervical disc bulging, thoracic sprain and strain, lumbar sprain and strain, cervical sprain and strain, right hand sprain and strain, post traumatic headaches, and any other ills and injuries, all to plaintiff's great loss and detriment.

17.   As a result of these injuries, all of which are permanent in nature and all of which

are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

18.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

19.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

20.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT II
### David Updegrove v. Catherine Mahon
### Property Damage

21.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

22.     As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff

suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

### COUNT III
### David Updegrove v. United States of America
### <u>Personal Injury</u>

23.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

24.    The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a.    Operating a commercial motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said commercial vehicle under proper and adequate control;

c.    Failing to observe the position of the plaintiff's vehicle and to take such action as was necessary to prevent causing a collision;

d.    Failing to operate a commercial motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

e.    Operating said commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

f.    Being inattentive to defendant's duties as the operator of a commercial motor vehicle;

7

g.   Disregarding traffic lanes, patterns and other devices;

h.   Failing to keep an adequate distance from other vehicles that were within the vicinity of the commercial vehicle that defendant, through its lessees, agents, servants, workmen, and/or employees, was operating;

i.   Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.   Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and to maintain sufficient control of said commercial vehicle;

m.   Causing a collision;

n.   Operating a commercial motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's commercial vehicle or to maintain said vehicle in a safe and non-defective condition;

p.   Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway;

q.   Failing to operate a commercial motor vehicle in compliance with the applicable laws and ordinances of the City of Bernville and County of Berks, and the Statutes of the Commonwealth of Pennsylvania pertaining

to the operation and control of commercial motor vehicles;

r.      Operating a commercial motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

25.      The negligence and/or carelessness of defendant further consisted of the following:

a.      Permitting an incompetent driver to operate defendant's commercial motor vehicle;

b.      Failing to determine whether defendant, through its lessees, agents, servants, workmen, and/or employees, possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.      Failing to determine whether defendant, through its lessees, agents, servants, workmen, and/or employees, possessed a valid license or other requirements to drive and/or operate a commercial motor vehicle;

d.      Failure to inspect defendant, through its lessees, agents, servants, workmen, and/or employee's prior history of bad driving;

e.      Failing to instruct defendant, through its lessees, agents, servants, workmen, and/or employees, in the proper method of operating a commercial motor vehicle;

f.      Failing to properly instruct the defendant, through its lessees, agents, servants, workmen, and/or employees, on how to properly operate defendant's commercial motor vehicle and its warning apparatus in an

emergency situation;

g.      Failing, as defendant, through its lessees, agents, servants, workmen, and/or employees' authority, to control said driver's conduct in regard to the manner in which said defendant was operating the commercial motor vehicle at the aforesaid time and place as herein before described;

h.      Failing to maintain said commercial vehicle in a safe condition; and,

i.      Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway.

26.     As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel thoracic disc protrusions, multilevel thoracic disc bulging, multilevel lumbar disc protrusions, multilevel lumbar disc bulging, multilevel cervical disc bulging, thoracic sprain and strain, lumbar sprain and strain, cervical sprain and strain, right hand sprain and strain, post traumatic headaches, and other ills and injuries, all to plaintiff's great loss and detriment.

27.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

28.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

29.     As a further result of the injuries sustained, the plaintiff has, is presently, and may

in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

30.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.


**COUNT IV**
**David Updegrove v. United States of America**
**Property Damage**

31.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

32.    As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT V**
**Jacob Czarnecki v. Catherine Mahon**
**Personal Injury**

33.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

34.     The negligence and/or carelessness of defendant consisted of the following:

   a.     Operating a commercial motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

   b.     Failing to have said commercial vehicle under proper and adequate control;

   c.     Failing to observe the position of the plaintiff's vehicle and to take such action as was necessary to prevent causing a collision;

   d.     Failing to operate a commercial motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

   e.     Operating said commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

   f.     Being inattentive to defendant's duties as the operator of a commercial motor vehicle;

   g.     Disregarding traffic lanes, patterns and other devices;

   h.     Failing to keep an adequate distance from other vehicles that were within the vicinity of the commercial vehicle that defendant, through its lessees, agents, servants, workmen, and/or employees, was operating;

   i.     Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

12

j.      Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and to maintain sufficient control of said commercial vehicle;

m.      Causing a collision;

n.      Operating a commercial motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's commercial vehicle or to maintain said vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway;

q.      Failing to operate a commercial motor vehicle in compliance with the applicable laws and ordinances of the City of Bernville and County of Berks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of commercial motor vehicles;

r.      Operating a commercial motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

35.     As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body

13

function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to: broad based lumbar disc bulging, broad based cervical disc bulging, lumbar sprain and strain, cervical sprain and strain, thoracic sprain and strain, post traumatic headaches, and any other ills and injuries, all to plaintiff's great loss and detriment.

36.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

37.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

38.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

39.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT VI
### Jacob Czarnecki v. United States of America
### <u>Personal Injury</u>

40.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

41.     The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

      a.      Operating a commercial motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

      b.      Failing to have said commercial vehicle under proper and adequate control;

      c.      Failing to observe the position of the plaintiff's vehicle and to take such action as was necessary to prevent causing a collision;

      d.      Failing to operate a commercial motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

      e.      Operating said commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

      f.      Being inattentive to defendant's duties as the operator of a commercial motor vehicle;

      g.      Disregarding traffic lanes, patterns and other devices;

      h.      Failing to keep an adequate distance from other vehicles that were within the vicinity of the commercial vehicle that defendant, through its lessees, agents, servants, workmen, and/or employees, was operating;

      i.      Failing to perceive the highly apparent danger to others which the

defendant's actions and/or inactions posed;

j.      Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and to maintain sufficient control of said commercial vehicle;

m.      Causing a collision;

n.      Operating a commercial motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's commercial vehicle or to maintain said vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway;

q.      Failing to operate a commercial motor vehicle in compliance with the applicable laws and ordinances of the City of Bernville and County of Berks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of commercial motor vehicles;

r.      Operating a commercial motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

42.     The negligence and/or carelessness of defendant further consisted of the

16

following:

    a.    Permitting an incompetent driver to operate defendant's commercial motor vehicle;

    b.    Failing to determine whether defendant, through its lessees, agents, servants, workmen, and/or employees, possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

    c.    Failing to determine whether defendant, through its lessees, agents, servants, workmen, and/or employees, possessed a valid license or other requirements to drive and/or operate a commercial motor vehicle;

    d.    Failure to inspect defendant, through its lessees, agents, servants, workmen, and/or employee's prior history of bad driving;

    e.    Failing to instruct defendant, through its lessees, agents, servants, workmen, and/or employees, in the proper method of operating a commercial motor vehicle;

    f.    Failing to properly instruct the defendant, through its lessees, agents, servants, workmen, and/or employees, on how to properly operate defendant's commercial motor vehicle and its warning apparatus in an emergency situation;

    g.    Failing, as defendant, through its lessees, agents, servants, workmen, and/or employees' authority, to control said driver's conduct in regard to the manner in which said defendant was operating the commercial motor vehicle at the aforesaid time and place as herein before described;

h.   Failing to maintain said commercial vehicle in a safe condition; and,

i.   Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway.

43.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: broad based lumbar disc bulging, broad based cervical disc bulging, lumbar sprain and strain, cervical sprain and strain, thoracic sprain and strain, post traumatic headaches, and other ills and injuries, all to plaintiff's great loss and detriment.

44.   As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

45.   As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

46.   As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

47.   Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the

present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT VII
## Christi Czarnecki v. Catherine Mahon
## Personal Injury

48.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

49.    The negligence and/or carelessness of defendant consisted of the following:

a.    Operating a commercial motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said commercial vehicle under proper and adequate control;

c.    Failing to observe the position of the plaintiff's vehicle and to take such action as was necessary to prevent causing a collision;

d.    Failing to operate a commercial motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

e.    Operating said commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

f.    Being inattentive to defendant's duties as the operator of a commercial motor vehicle;

g.    Disregarding traffic lanes, patterns and other devices;

19

h.   Failing to keep an adequate distance from other vehicles that were within the vicinity of the commercial vehicle that defendant, through its lessees, agents, servants, workmen, and/or employees, was operating;

i.   Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.   Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and to maintain sufficient control of said commercial vehicle;

m.   Causing a collision;

n.   Operating a commercial motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's commercial vehicle or to maintain said vehicle in a safe and non-defective condition;

p.   Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway;

q.   Failing to operate a commercial motor vehicle in compliance with the applicable laws and ordinances of the City of Bernville and County of Berks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of commercial motor vehicles;

20

r.      Operating a commercial motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

50.     As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to: C7-T1 broad based cervical disc protrusion, left paracentral disc protrusion, multilevel cervical disc bulging, L3-4 left posterolateral broad based protrusion, multilevel lumbar disc bulging, cervical sprain and strain, lumbar sprain and strain, post traumatic headaches, and any other ills and injuries, all to plaintiff's great loss and detriment.

51.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

52.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

53.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

54.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as

amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT VIII
### Christi Czarnecki v. United States of America
### <u>Personal Injury</u>

55.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

56.    The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

    a.    Operating a commercial motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

    b.    Failing to have said commercial vehicle under proper and adequate control;

    c.    Failing to observe the position of the plaintiff's vehicle and to take such action as was necessary to prevent causing a collision;

    d.    Failing to operate a commercial motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

    e.    Operating said commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

    f.    Being inattentive to defendant's duties as the operator of a commercial

motor vehicle;

g.      Disregarding traffic lanes, patterns and other devices;

h.      Failing to keep an adequate distance from other vehicles that were within the vicinity of the commercial vehicle that defendant, through its lessees, agents, servants, workmen, and/or employees, was operating;

i.       Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.       Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.       Failing to be highly vigilant and to maintain sufficient control of said commercial vehicle;

m.      Causing a collision;

n.      Operating a commercial motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's commercial vehicle or to maintain said vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway;

q.      Failing to operate a commercial motor vehicle in compliance with the applicable laws and ordinances of the City of Bernville and County of

23

Berks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of commercial motor vehicles;

r.    Operating a commercial motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

57.    The negligence and/or carelessness of defendant further consisted of the following:

a.    Permitting an incompetent driver to operate defendant's commercial motor vehicle;

b.    Failing to determine whether defendant, through its lessees, agents, servants, workmen, and/or employees, possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.    Failing to determine whether defendant, through its lessees, agents, servants, workmen, and/or employees, possessed a valid license or other requirements to drive and/or operate a commercial motor vehicle;

d.    Failure to inspect defendant, through its lessees, agents, servants, workmen, and/or employee's prior history of bad driving;

e.    Failing to instruct defendant, through its lessees, agents, servants, workmen, and/or employees, in the proper method of operating a commercial motor vehicle;

f.    Failing to properly instruct the defendant, through its lessees, agents, servants, workmen, and/or employees, on how to properly operate

defendant's commercial motor vehicle and its warning apparatus in an emergency situation;

g.   Failing, as defendant, through its lessees, agents, servants, workmen, and/or employees' authority, to control said driver's conduct in regard to the manner in which said defendant was operating the commercial motor vehicle at the aforesaid time and place as herein before described;

h.   Failing to maintain said commercial vehicle in a safe condition; and,

i.   Allowing a dangerous, unsafe and defective commercial motor vehicle to be operated on a public highway.

58.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: C7-T1 broad based cervical disc protrusion, left paracentral disc protrusion, multilevel cervical disc bulging, L3-4 left posterolateral broad based protrusion, multilevel lumbar disc bulging, cervical sprain and strain, lumbar sprain and strain, post traumatic headaches, and other ills and injuries, all to plaintiff's great loss and detriment.

59.   As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

60.   As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

61.   As a further result of the injuries sustained, the plaintiff has, is presently, and may

in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

62.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**SPEAR, GREENFIELD,**
**RICHMAN, WEITZ & TAGGART, P.C.**

BY:   **MARC F. GREENFIELD, ESQUIRE**
Two Penn Center, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424
Attorney for Plaintiff
I.D. NO.: 6281

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**
erh/dms